UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LA'QUAN RAMELL HYMAN, ) | Civil Action No.: 4:13-cv-3523-MGL-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| SOUTH CAROLINA DEPARTMENT OF ) | |
| CORRECTIONS, LEE CORRECTIONS ) | |
| INSTITUTIONAL MEDICAL HEALTH ) | |
| CARE PROVIDER, RN JUDY RABON, ) | |
| and RN MS. MCDONALD, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff originally filed this action in the Court of Common Pleas, Lee County, South Carolina, alleging claims under the South Carolina Tort Claims Act, (SCTCA), S.C.Code Ann. §§ 15–78–10 et seq. He also alleges violations of his constitutional rights under the Eighth and Fourteenth Amendments of the United States Constitution. Defendants removed the action to this court, asserting that his federal constitutional claims fall under 42 U.S.C. § 1983 and, thus, jurisdiction was proper in this court pursuant to 28 U.S.C. § 1331. They further asserted that this court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Presently before the court is Defendants' Motion to Dismiss (Document # 29). Because he is proceeding pro se, Plaintiff was warned pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the motion to dismiss could result in the motion being granted, resulting in dismissal of his claims. Plaintiff filed a timely response. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. This Report and Recommendation is entered for review by the district judge.

In it's Notice of Removal, Defendants noted that the Summons and Complaint had not been served on Defendants Rabon and McDonald. In addition, Plaintiff raised this issue in a motion for supplemental jurisdiction (Document # 16). Thus, the undersigned entered a proper form order (Document # 20) directing Plaintiff to provide service documents and USM-245 forms for Rabon and McDonald to allow the United States Marshal to service these defendants. Plaintiff failed to provide the documents within the time frame allowed in the order. As a result, Defendants filed the present motion to dismiss pursuant to Fed.R.Civ.P. 41(b), arguing that Plaintiff had failed to prosecute this action by failing to timely file the service documents. In response to Defendant's motion, Plaintiff submitted the requested service documents and indicated that he was on lock-up detention and, thus, was unable to provide the documents within the deadline.

The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989). However, dismissal is a harsh sanction which should not be invoked lightly. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir.1978). Dismissal of this action is not appropriate under the circumstances, especially since Plaintiff has now filed the requested documents. Therefore, it is recommended that Defendant's motion be denied.[1]

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

January 9, 2015  
Florence, South Carolina

**The parties are directed to the important notice on the following page.**

---

[1] If the district judge accepts this recommendation, the undersigned will enter a service order for Defendants Rabon and McDonald.