UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LA'QUAN RAMELL HYMAN, | Civil Action No.: 4:13-cv-3523-MGL-TER |
| Plaintiff, | |
| -vs- | |
| | **REPORT AND RECOMMENDATION** |
| SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, LEE CORRECTIONS INSTITUTIONAL MEDICAL HEALTH CARE PROVIDER, RN JUDY RABON, and RN MS. MCDONALD, | |
| Defendants. | |

## I.    INTRODUCTION

Plaintiff originally filed this action in the Court of Common Pleas, Lee County, South Carolina, alleging claims under the South Carolina Tort Claims Act, (SCTCA), S.C.Code Ann. §§ 15–78–10 et seq. He also alleges violations of his constitutional rights under the Eighth and Fourteenth Amendments of the United States Constitution.[1]  Defendants removed the action to this court, asserting that his federal constitutional claims fall under 42 U.S.C. § 1983 and, thus, jurisdiction was proper in this court pursuant to 28 U.S.C. § 1331.  They further asserted that this court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Presently before the court is Defendants' Motion to Dismiss (Document # 67).  Because he is proceeding pro se, Plaintiff was warned pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the motion to dismiss could result in the motion being granted,

---

[1] In essence, Plaintiff alleges medical malpractice for not providing the proper treatment for what was determined to be appendicitis.

resulting in dismissal of his claims.  Plaintiff has not filed a response to Defendants' motion.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.  This Report and Recommendation is entered for review by the district judge.

## II.     PROCEDURAL HISTORY

In the Notice of Removal, Defendants noted that the Summons and Complaint had not been served on Defendants Rabon and McDonald.  In addition, Plaintiff raised this issue in a motion for supplemental jurisdiction (Document # 16).  Thus, the undersigned entered a proper form order (Document # 20) directing Plaintiff to provide service documents and USM-245 forms for Rabon and McDonald to allow the United States Marshal to serve these defendants.  Plaintiff failed to provide the documents within the time frame allowed in the order.  As a result, Defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 41(b), arguing that Plaintiff had failed to prosecute this action by failing to timely file the service documents.  In response to Defendants' motion, Plaintiff submitted the requested service documents and indicated that he was on lock-up detention and, thus, was unable to provide the documents within the deadline.

The undersigned entered a Report and Recommendation (Document # 49), recommending that Defendants' motion pursuant to Fed.R.Civ.P. 41(b) be denied and that Defendants Rabon and McDonald be served according to the service documents provided by Plaintiff.  The district judge accepted the recommendation, and an order was entered on February 4, 2015, authorizing service of process on Defendants Rabon and McDonald.  The summonses were returned unexecuted (Documents # 64, 65) in April of 2015, noting there was insufficient information provided to serve Rabon and McDonald.  Thereafter, Defendants filed the present motion to dismiss, arguing that

dismissal against Defendants Rabon and McDonald was proper pursuant to Fed.R.Civ.P. 4(m) and, to the extent Plaintiff also named the South Carolina Department of Corrections (SCDC) and the Lee Corrections Institutional Medical Healthcare Provider as separate defendants,[2] they are immune from suit.  As noted above, the undersigned entered a Roseboro order, notifying Plaintiff of the procedure for responding to a motion to dismiss and the consequences for failure to do so.  Plaintiff has not filed a response to the motion to dismiss.

### III.     RULE 41(B)

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b)."  Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989).  "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte."  Gantt v. Maryland Division of Correction, 894 F.Supp. 226, 229 (D.Md. 1995) (citing Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); White v. Raymark Industs., Inc., 783 F.2d 1175 (4th Cir.1986); Zaczek v. Fauquier County, Va., 764 F.Supp. 1071, 1074 (E.D.Va.1991)).

The Fourth Circuit, in Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), recognizing that dismissal with prejudice is a harsh sanction which should not be invoked lightly, set forth four considerations in determining whether Rule 41(b) dismissal is appropriate:  (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant

---

[2]This case has been docketed with four Defendants–SCDC, Judy Rabon, Ms. McDonald, and Lee Correction Institutional Medical Health Care Provider.  However, Defendants note in their motion that they read the complaint as naming only two Defendants, Judy Rabon and Ms. McDonald.

caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. Id. at 70.

Subsequently, however, the Fourth Circuit noted that "the four factors ... are not a rigid four-pronged test." Ballard, 882 F.2d at 95. "Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." Id. at 95-96.

In the present case, Plaintiff is proceeding pro se and, thus, is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no response has been filed. Plaintiff was specifically warned that a failure to respond to the motion to dismiss could result in the motion being granted, thereby ending his case. Because Plaintiff failed to file a response to the motion to dismiss, the undersigned concludes Plaintiff has abandoned his claim. No other reasonable sanctions are available. Accordingly, it is recommended that this case be dismissed pursuant to Fed.R.Civ.P. 41(b).

**IV.     MOTION TO DISMISS**

As to the merits of Defendants' motion to dismiss, Defendants argue that dismissal of Judy Rabon and Ms. McDonald is appropriate pursuant to Fed.R.Civ.P. 4(m) because they have not been served. When a defendant challenges the manner or sufficiency of service of process, "[t]he plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C.2003) (citing Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F.Supp. 519, 526

(M.D.N.C.1996)). Rule 4(m), Fed.R.Civ.P., provides that a summons and complaint must be served within 120 days of the filing of the complaint. If such service does not occur, the court can either dismiss the case or, if plaintiff shows good cause for the failure to serve, direct service be effected. Rule 4(m) states that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Rule 4(m), Fed.R.Civ.P.

Here, the record reflects that an order authorizing service on Defendants McDonald and Rabon and directing the United States Marshals Service to serve them was entered on February 4, 2015. The summonses were returned unexecuted on April 6, 2015, and April 29, 2015, respectively. Defendants filed the present motion on August 31, 2015, arguing that dismissal was appropriate for Plaintiff's failure to serve these defendants within one hundred and twenty days. Plaintiff has not responded to the motion and, thus, has not shown good cause for the failure to timely serve these defendants.

Additionally, Defendants argue that their reading of Plaintiff's complaint indicates that the only two defendants Plaintiff intended to name in this action are Defendants Rabon and McDonald and that the remaining portion of the caption, "South Carolina Department of Corrections Lee Corrections Institutional Medical Health Care Provider" is simply a descriptive phrase for Rabon and McDonald. Indeed, the caption as drafted by Plaintiff in his complaint does not include any commas to delineate whether there are two or more than two defendants. However, it appears that Plaintiff at least intended to name the SCDC as a Defendant because in a previous filing (Document # 16) he indicated that Defendants Rabon and McDonald initially were not served because the SCDC, and not the individuals, is the proper defendant in a suit under the South Carolina Tort Claims Act. Despite the ambiguous caption, it is clear from the body of the complaint that Plaintiff asserts his

civil rights claims under 42 U.S.C. § 1983 against only Defendants Rabon and McDonald. See Complaint p. 3 of 4 (attached to Notice of Removal) (alleging civil rights violations only with respect to Rabon and McDonald).

Nevertheless, the undersigned need not reach Defendants' immunity argument with respect to SCDC and/or Lee Corrections Institutional Medical Health Care Provider nor their Rule 4(m) argument for failure to serve Defendants Rabon and McDonald because Plaintiff has failed to prosecute this case.

### V.     CONCLUSION

For the reasons discussed above, it is recommended that this case be dismissed without prejudice pursuant to Fed.R.Civ.P. 41(b) for Plaintiff's failure to prosecute.

                                            s/Thomas E. Rogers, III
                                            Thomas E. Rogers, III
                                            United States Magistrate Judge

October 26, 2015
Florence, South Carolina

**The parties are directed to the important notice on the following page.**