UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LA'QUAN RAMELL HYMAN, | Civil Action No.: 4:13-cv-3523-MGL-TER |
| Plaintiff, | |
| -vs- | **REPORT AND RECOMMENDATION** |
| SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, LEE CORRECTIONS INSTITUTIONAL MEDICAL HEALTH CARE PROVIDER, RN JUDY RABON, and RN MS. MCDONALD, | |
| Defendants. | |

## I.  INTRODUCTION

Plaintiff originally filed this action in the Court of Common Pleas, Lee County, South Carolina, alleging claims under the South Carolina Tort Claims Act, (SCTCA), S.C.Code Ann. §§ 15–78–10 et seq. He also alleges violations of his constitutional rights under the Eighth and Fourteenth Amendments of the United States Constitution.[1]  Defendants removed the action to this court, asserting that his federal constitutional claims fall under 42 U.S.C. § 1983 and, thus, jurisdiction was proper in this court pursuant to 28 U.S.C. § 1331.  They further asserted that this court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. On October 26, 2016, the undersigned entered a Report and Recommendation (Document # 70) recommending that the case be dismissed pursuant to Fed.R.Civ.P. 41(b) for Plaintiff's failure to prosecute.  The district judge referred the matter back to the undersigned for consideration of the

---

[1] In essence, Plaintiff alleges medical malpractice for not providing the proper treatment for what was determined to be appendicitis.

issues raised in Plaintiff's Objections (Document # 72).[2]

## II.  PROCEDURAL HISTORY

In the Notice of Removal, Defendants noted that the Summons and Complaint had not been served on Defendants Judy Rabon and Ms. McDonald. In addition, Plaintiff raised this issue in a motion for supplemental jurisdiction (Document # 16). Thus, the undersigned entered a proper form order (Document # 20) directing Plaintiff to provide service documents and USM-245 forms for Judy Rabon and Ms. McDonald to allow the United States Marshal to serve these defendants. Plaintiff failed to provide the documents within the time frame allowed in the order. As a result, Defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 41(b), arguing that Plaintiff had failed to prosecute this action by failing to timely file the service documents. In response to Defendants' motion, Plaintiff submitted the requested service documents and indicated that he was on lock-up detention and, thus, was unable to provide the documents within the deadline.

The undersigned entered a Report and Recommendation (Document # 49) recommending that Defendants' motion pursuant to Fed.R.Civ.P. 41(b) be denied and that Defendants Judy Rabon and Ms. McDonald be served according to the service documents provided by Plaintiff. The district judge accepted the recommendation, and an order was entered on February 4, 2015, authorizing service of process on Defendants Judy Rabon and Ms. McDonald. The summonses were returned unexecuted (Documents # 64, 65) in April of 2015, noting there was insufficient information provided to serve Judy Rabon and Ms. McDonald.

Thereafter, Defendants filed a Motion to Dismiss (Document # 67), arguing that dismissal

---

[2]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. This Report and Recommendation is entered for review by the district judge.

against Defendants Judy Rabon and Ms. McDonald was proper pursuant to Fed.R.Civ.P. 4(m) and, to the extent Plaintiff also named the South Carolina Department of Corrections (SCDC) and the Lee Corrections Institutional Medical Healthcare Provider as separate defendants,[3] they are immune from suit. The undersigned entered a <u>Roseboro</u> order, notifying Plaintiff of the procedure for responding to a motion to dismiss and the consequences for failure to do so. Plaintiff did not file a response. Therefore, the undersigned entered a Report and Recommendation (Document # 70), noting the arguments raised by Defendants, but recommending that the case be dismissed pursuant to Fed.R.Civ.P. 41(b) for Plaintiff's failure to respond to the motion to dismiss and, thus, to prosecute his case. Plaintiff filed Objections (Document # 72), and the case was remanded to the undersigned for further consideration.

## III.   DISCUSSION

In his Objections, Plaintiff addresses Defendants' arguments with respect to the failure to serve Judy Rabon and Ms. McDonald within 120 days as required by Fed.R.Civ.P. 4. He also addresses Defendants' argument that Judy Rabon and Ms. McDonald are the only Defendants named in the action. He does not address his failure to file a response to Defendants' Motion to Dismiss within the extended 31-day period allowed for pro se Plaintiffs, which was the basis for the recommendation that the case be dismissed for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). Nevertheless, because Plaintiff has now, albeit untimely, responded to the arguments raised in Defendants' Motion to Dismiss, the court will address those arguments.

---

[3] This case has been docketed with four Defendants–SCDC, Judy Rabon, Ms. McDonald, and Lee Correction Institutional Medical Health Care Provider. However, Defendants note in their motion to dismiss that they read the complaint as naming only two Defendants, Judy Rabon and Ms. McDonald.

Defendants' first argument in their Motion to Dismiss is that Judy Rabon and Ms. McDonald have not been served with the summons and complaint and, thus, dismissal of the claims against them is proper under Fed.R.Civ.P. 4(m). Plaintiff argues that he should be allowed to conduct discovery to collect additional information to be able to serve these Defendants. Instead of dismissing the complaint, he argues, these Defendants should be treated as Jane Doe defendants until they can be properly identified. Plaintiff also argues that "some other S.C.D.C. official should be required to accept service of process on their behalf." Objections p. 1. Plaintiff also argues that "it is not his fault that S.C.D.C. did not [offer] better identifiers to the U.S. Marshals for them to be able to locate Nurse McDonald and Nurse Rabon." Objections p. 2.

It is Plaintiff's responsibility, not Defendants', to provide information sufficient to identify parties for service. The proper form order entered by the undersigned on March 19, 2014, specifically notified Plaintiff that he "must provide, and is responsible for, information sufficient to identify Defendant(s) on the Form(s) USM-285. The United States Marshal cannot serve an improperly identified defendant, and unserved defendants may be dismissed as parties to a case." Order (Document # 20) p. 2. In addition, it would offend the basic principles of due process to direct one defendant to accept service for another defendant, as Plaintiff suggests. See, e.g., Mullane v. Central Hanover Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

Further, Plaintiff's request for additional time to identify and serve Judy Rabon and Ms.

McDonald is governed by Fed.R.Civ.P. 4(m). Prior to amendments effective December 1, 2015[4], Rule 4(m) provided that a Summons and Complaint must be served within 120 days of the filing of the Complaint. This 120-day service period is tolled in cases such as this one where the court must authorize service of process before the summons and complaint can be served. Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010). The time for service begins to run when the court authorizes service of process. Id. at 609. If service does not occur within the proscribed time period, the Court can either dismiss the case or, if plaintiff shows good cause for the failure to serve, direct service be effected. Fed.R.Civ.P. 4(m). Thus, Plaintiff must show good cause for his failure to serve Judy Rabon and Ms. McDonald within 120 days of authorization for service on February 4, 2015. See Order (Document # 56).

  Service was due by June 8, 2015. See Docket Entry # 58. The summons for Ms. McDonald was returned unexecuted on April 6, 2015. See Process Receipt and Return Form (Document # 64). The form indicated that further identifiers, such as first name, date of birth, and social security number, were needed for personal service on Ms. McDonald.[5] The summons was returned unexecuted for Judy Rabon on April 29, 2015. See Process Receipt and Return Form (Document # 65). This form indicated that service via certified mail and in person to the address provided by Plaintiff (Lee Correctional Institution), as well as attempted service at another address, failed, and no other address was found for this Defendant. At the time the service forms were returned unexecuted, Plaintiff still had approximately two months to gather information to serve Ms.

---

[4] Rule 4(m) was amended to require service within 90 days of filing of the summons and complaint rather than 120 days.

[5] Service was first attempted by certified mail to the address provided by Plaintiff (Lee Correctional Institution), but was returned with the note that SCDC cannot accept service.

McDonald, and approximately one month to do so for Judy Rabon before the expiration of the 120-day deadline. However, there is no evidence that Plaintiff attempted to serve any discovery requests on the current Defendants. Additionally, more than four months passed between the time the summonses were returned unexecuted and Defendants' filed their motion to dismiss, yet Plaintiff never moved for an extension of time to serve Ms. McDonald and Judy Rabon. In fact, even after Defendants moved for dismissal on this very issue, Plaintiff failed to file a response.

"[I]n order to show good cause, a plaintiff must demonstrate that he made reasonable, diligent efforts to effect service on the defendant." Hammad v. Tate Access Floors, Inc., 31 F.Supp.2d 524, 528 (D.Md.1999) (internal quotations omitted). Although Plaintiff proposes ways to now perfect service on Judy Rabon and Ms. McDonald, he fails to address why he did not attempt to do these things prior to the expiration of the deadline or seek an extension of the deadline. Thus, Plaintiff has not shown good cause or a reasonable basis to allow for service on Judy Rabon and Ms. McDonald outside the deadline provided in Rule 4(m), and dismissal of the claims against them is appropriate.[6]

Next, Defendants argue that the only two defendants Plaintiff intended to name in this action are Defendants Rabon and McDonald, and that the remaining portion of the caption, "South Carolina Department of Corrections Lee Corrections Institutional Medical Health Care Provider" is simply a descriptive phrase for Rabon and McDonald. To the extent Plaintiff has named SCDC and Lee Correction Institutional Medical Health Care Provider as Defendants in this action, they argue that they are immune from suit for any § 1983 claims asserted against them.

---

[6]There is some uncertainty within this circuit as to whether the district court has discretion to grant an extension of the 120-day (now 90-day) period in the absence of good cause. See Galindo v. ASRC Fed. Holding Co., LLC, 2016 WL 2621949 (D. Md. 2016) (discussing Chen v. Mayor & City Council of Baltimore, 292 F.R.D. 288 (D. Md.), aff'd 546 Fed.Appx. 187 (4th Cir. 2013) and Mendez v. Elliott, 45 F.3d 75 (4th Cir. 1995).

As discussed in the previous Report and Recommendation (Document # 70), it appears that Plaintiff intended to name at least the SCDC as a Defendant because in a previous filing (Document # 16) he indicated that Defendants Rabon and McDonald initially were not served because the SCDC, and not the individuals, is the proper defendant in a suit under the South Carolina Tort Claims Act. In addition, he indicates in his Objections that "SCDC and the Medical Care Provider of SCDC" were the original Defendants in this action. Objections p. 3 (Document # 72). It is clear from the body of the complaint that Plaintiff asserts his civil rights claims under 42 U.S.C. § 1983 against only Defendants Rabon and McDonald. See Complaint p. 3 of 4 (attached to Notice of Removal) (alleging civil rights violations only with respect to Rabon and McDonald). Finally, in his objections, Plaintiff asks that SCDC either be required to accept service on behalf of Judy Rabon and Ms. McDonald in this court or "defend against the state claims in state court under South Carolina jurisdiction to preserve the plaintiff's well executed right to have tort claims heard by a state court." Objections p. 4. Thus, it is clear that Plaintiff's claims against the remaining Defendants, SCDC and Lee Corrections Institutional Medical Health Care Provider, are state claims only rather than federal claims arising under § 1983.

Accordingly, if the district judge accepts the recommendation that dismissal of the claims asserted against Judy Rabon and Ms. McDonald is appropriate pursuant to Fed.R.Civ.P. 4(m), the only remaining claims will be Plaintiff's state law claims. Title 28 U.S.C. § 1367(c)(3) provides, in pertinent part, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction ...." The Fourth Circuit has recognized that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished."

Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir.1995) (holding district court did not abuse its discretion in declining to retain jurisdiction over the state law claims). See also, e.g., United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726–27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Revene v. Charles County Comm'rs, 882 F.2d 870, 875 (4th Cir.1989). Therefore, the undersigned recommends that the district judge decline to retain jurisdiction over Plaintiff's state law claims, and that the case be remanded to the Lee County Court of Common Pleas.

**IV.     CONCLUSION**

For the reasons discussed above, it is recommended that Defendants' Motion to Dismiss (Document # 67) be granted pursuant to Fed.R.Civ.P. 4(m) as to the claims against Judy Rabon and Ms. McDonald, and that the case be remanded to the Lee County Court of Common Pleas for disposition of Plaintiff's remaining state law claims against SCDC and Lee Corrections Institutional Medical Health Care Provider.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 15, 2016
Florence, South Carolina

**The parties are directed to the important information on the following page.**